1

2

3 **UNITED STATES DISTRICT COURT**

4 **DISTRICT OF NEVADA**

5 * * *

6 GRO ELISABET SILLE,                              )
                                                   )
7                          Plaintiff,              )
                                                   )        2:07-cv-00901-KJD-LRL
8 v.                                               )
                                                   )        **O R D E R**
9 PARBALL CORPORATION,                             )
                                                   )
10                         Defendant.              )
                                                   )
11 _____ )

12        Before the court is defendant's  Resubmission of Second Motion for Sanctions for Failure to

13 Provide Discovery (#67).  The court has considered the motion (#67), plaintiff's Opposition (#68), and

14 defendant's Reply (#70).  Also before the court are plaintiff's Motion to Compel (#71), Motion to

15 Reopen Discovery (#72), and Motion to Extend Time to Disclose Expert Witness and Report (#73).[1]

16 Defendant filed Oppositions (## 78, 76, 77, respectively), and plaintiff  filed Replies (## 82, 84, 85,

17 respectively).  The court has considered the motions, respective oppositions, and respective replies.

18                                          **BACKGROUND**

19        Plaintiff Gro Elisabet Sille ("Sille"), a citizen of Norway and resident of New York state,

20 alleges that on September 18, 2006, while she was "returning to the [Flamingo] hotel [she] was

21 caused to slip, trip, stumble and fall without warning of any kind as her feet became entangled in the

22 coiled hose that had been left unattended by the Defendants . . . ."  Am. Compl. (#15) at ¶¶1, 16.

23 Sille claims that defendant Parball Corporation ("Parball") "owed a duty of care to its guests and to

24 pedestrians traversing the front of the hotel entrance and along any of their sidewalks and pathways,

25 to ensure safe ingress and egress . . . ."  *Id.* at ¶11.  According to Sille, Parball was "aware of a

26 
_____

        [1]All three motions were submitted in one filing.

known, dangerous and unsafe method of property and lawn maintenance" that consisted of leaving "hidden and trap-like dangers in the pedestrian walkways . . . ." *Id.* at ¶12.  Sille allegedly sustained "grievous, severe, serious and permanent injuries" which included "severe head trauma, shoulder injuries, right knee injuries, herniated discs, bilateral carpal tunnel syndrome, vestibular brain condition," and loss of earnings.  *Id.* at ¶17.  She seeks damages in the amount of $25 million.  *Id.* at ¶20.

Discovery has been extended three times in this case, in part to accommodate the differences between the Norwegian and United States's health care procedures, as well as to allow for the translation of medical records from Norwegian to English, and to allow Sille to obtain effective counsel.  Pursuant to the court's Order (#30), Sille was to provide Parball with complete responses to Parball's first set of interrogatories and fully supplement her Rule 26(a)(1) disclosures not later than June 30, 2008.  Sille was warned that her failure to comply with the court's discovery order may lead to the imposition of harsher sanctions authorized under Rule 37(b)(2)(A).  *Id.*  On July 15, 2008, Parball filed its first Motion for Sanctions (#35) on grounds that Sille had failed to comply with the court's Order (#30).  The Motion (#35) was denied without prejudice "notwithstanding plaintiff's former counsel's lack of progress" on "plaintiff's new counsel's assurance that plaintiff's discovery obligations, both to herself and to defendant, will be pursued diligently."  *See* Minute Order (#37).

A second Motion for Sanctions (#38) followed on September 9, 2008.  Parball again alleged that Sille had yet to provide complete Rule 26(a)(1) disclosures or to fully respond to Parball's interrogatories as ordered by the court.  After a hearing on the motion (#38) and other discovery matters, the motion was withdrawn without prejudice on November 13, 2008.  Minutes (#45).  On June 18, 2009, four months after discovery had closed, the court granted the parties' Stipulation to Re-open Discovery (#59).  Order (#60).  Pursuant to Order (#60), discovery was due by November 16, 2009; the Initial Expert deadline was September 15, 2009; and dispositive motions were due by December 14, 2009.  On November 30, 2009, Parball filed the instant Resubmission of Second

Motion for Sanctions for Failure to Provide Discovery (#67). Sille filed an Opposition (#68) to the motion, and Parball filed a Reply (#70). On December 14, 2009, Sille filed a Motion to Compel Discovery (#71), a Motion to Reopen Discovery (#72), and a Motion to Extend Time to Disclose Expert Witness and Report (#73). Parball filed Oppositions (## 78, 76, 77, respectively), and Sille filed Replies (## 82, 84, 85, respectively).

**DISCUSSION**

**Defendant's Motion for Sanctions (#67)**

Parball seeks an order of the court dismissing Sille's Amended Complaint with prejudice pursuant to Rule 37(b)(2)(A)(v), on grounds that Sille has failed to provide the names and addresses of all of her alleged treating health care providers; has failed to provide authorizations to obtain medical records from her alleged treating health care providers; has failed to provide all medical records and billings; has failed to provide documents relevant to her claims for alleged loss of earnings and income; and has failed to identify or quantify her alleged special damages. Mot. (#67) at 2. Sille represents that "since her present attorneys have taken over her representation, documents and information have been flowing from Plaintiff to the Defendants." Opp'n (#68) at 5. Moreover, Sille maintains, she has responded to Parball's discovery requests and updated her disclosures to the best of her ability. Sille further argues that the Motion for Sanctions (#67) is untimely insofar as Parball failed to meet and confer prior to filing the motion.

Sille's argument regarding Parball's failure to meet and confer is misplaced, inasmuch as Parball has not filed a motion to compel, but a motion for sanctions related to alleged discovery abuses. No meet and confer is required under the rules. *See* Rule 37(b) and (c). The court does not find that the circumstances warrant dismissal of the amended complaint with prejudice. While Sille should have fulfilled her discovery obligations by this time, it is not evident that she has acted with bad faith or willful evasiveness in failing to do so. Thus, while her case will not be dismissed, Sille will be required to pay the fees and costs associated with Parball's Motion (#67) and Reply (#70) as a sanction for her failure to diligently meet her discovery obligations in this matter.

1  **Plaintiff's Motion to Compel (#71)**

2       On August 6, 2008, Sille propounded Requests for Production and Interrogatories.  On

3  September 9, 2008, Parball served its objections to the discovery.  Sille represents that "since such

4  time, Plaintiff's counsel has diligently attempted to obtain, in good faith, responses to the

5  propounded discovery from [Parball] through telephone calls and two detailed letters on April 2,

6  2009, May 27, 2009, and August 5, 2009 attempting to obtain responses from Defendant without

7  success." Mot. (#71) at 4.  Sille filed the instant Motion to Compel (#71) on December 14, 2009.

8       Discovery closed on November 19, 2009.  Counsels' most recent correspondence regarding

9  the discovery was a letter dated August 5, 2009.  *See id.*  While parties must meet and confer prior to

10 the filing of a motion to compel, counsel are still expected to be diligent in doing so. Although the

11 rules do not provide a deadline by which to file a motion to compel, Sille failed to file her motion

12 until over fifteen months after Parball first responded to the discovery requests, some four months

13 after the parties last communication on the issue, and one month after the latest discovery cut off

14 date. Taking all of these factors into account, as well as plaintiff's failure to show good cause for the

15 untimely filing of the motion, the motion shall be denied. *Accord Gault v. Nabisco Biscuit Co.*, 184

16 F.R.D. 620, 622 (D. Nev. 1999) (noting that motion to compel filed within discovery period would

17 rarely be considered untimely, and ruling that motion to compel filed 136 days after defendant's

18 initial responses, and after close of discovery, was untimely).

19 **Plaintiff's Motion to Reopen Discovery (#72)**

20       Sille fails to show good cause to grant her Motion to Reopen Discovery (#49), *see* Rule 16,

21 or excusable neglect for the untimely filing of a motion to extend time. *See* LR 26-4; LR6-1(b).

22 Sille implies that because discovery was last reopened four months after the deadline, and because

23 "both sides to the case and the Court all discussed the possibility that the discovery period would

24 have to be further extended in light of the logistical, language, and geographical problems presented

25 by this case," Reply (#84) at 6, the untimeliness of the motion should be overlooked.  She

26 complains that "[t]here was no indication from defense counsel that he would not stipulate to the

further extension of discovery that everyone had contemplated until discussions on that subject arose between him and local counsel in late November of 2009," *id.* at 10, and suggests that the lack of a LR 26-3 interim status report indicated that "everyone recognized that discovery was far from complete and that more time was going to be required." *Id.* The court disagrees. If anything, Sille's belief that discovery would need to be extended should have encouraged her to timely file a motion to extend time. Finally, that Sille's local counsel's office was completely disabled for one week in October due to a flood does not present excusable neglect for the late filing of a motion to extend time.[2]  The court declines to re-open discovery yet again in this matter.

**Plaintiff's Motion to Extend Time to Disclose Expert Witness and Report (#73)**

Sille's Motion to Extend Time to Disclose Expert Witness and Report (#73) shall likewise be denied as untimely.  Initial expert disclosures were due September 15, 2009.  Sille's Motion to Extend Time to Disclose Expert Witness and Report was filed two months after the deadline, on December 14, 2009.  Sille again fails to provide adequate justification, or to show excusable neglect, for the untimely filing of the motion (#73).

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion for Sanctions (#67) is GRANTED, but only to the extent that plaintiff shall pay the reasonable expenses, including attorney's fees and costs, incurred by defendant in bringing the Motion (#55) and Reply (#70).

IT IS FURTHER ORDERED that defendant's counsel shall file an affidavit of fees and costs not later than June 30, 2010.

IT IS FURTHER ORDERED that plaintiff's Motion to Compel (#71) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion to Reopen Discovery (#72) is DENIED.

---

[2]  In her Reply (#84), Sille states that local counsel's "practice was effectively shut down for the end of the year, from before the end of the discovery cutoff until well after it . . . ". *Id*. at 10.  However, it is also stated that the flood which occurred from the night of October 10, 2009 through October 12, 2009, while displacing counsel's office until the end of December, left local counsel "without phones, computers, and internet access for over a full week." *Id*. at 6.  Sille does not allege, then, that local counsel lacked the ability to file motions, nor that her out of state counsel could not have aided local counsel in filing such motions, especially given the circumstances.

1    IT IS FURTHER ORDERED that plaintiff's Motion to Extend Time to Disclose Expert

2    Witness and Report (#73) is DENIED.

3    FINALLY, IT IS ORDERED that the parties shall, not later than **July 9, 2010**, file a joint

4    pretrial order.

5    DATED this 11th day of June, 2010.

6

7    _____

8    **LAWRENCE R. LEAVITT**
     **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26