# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GRO ELISABET SILLE, | ) |
| Plaintiff, | ) |
| | ) 2:07-cv-00901-KJD-LRL |
| v. | ) |
| | ) **O R D E R** |
| PARBALL CORPORATION, | ) |
| Defendant. | ) |

Before the court is defendant's Second Affidavit of Fees and Costs (#88), filed pursuant to the court's June 11, 2010 Order (#87) requiring plaintiff to pay the reasonable expenses, including attorney's fees and costs, incurred by defendant in bringing its Motion for Sanctions (#67)[1] and its Reply (#70) on the motion. The court previously ordered plaintiff to pay the reasonable expenses, including attorney's fees and costs, incurred by defendant in making its Motion to Compel (#24). Order (#30). Defendant filed an Affidavit of Fees and Costs (#31) pursuant to Order (#30). The court has not issued an order regarding the reasonableness of the fees and costs requested in Aff. (#31), but will do so here.

In LR 54-16(b)(3), the District of Nevada has set forth the factors to consider in awarding attorney's fees. These factors are the same as those set forth by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Both allow the court to consider, among other things, (1) the time and labor required, (2) the skill requisite to properly perform legal services, and (3) the novelty and difficulty of questions presented.

Regarding the Motion to Compel (#24), defendant requests $1,111.50 representing 8.6 hours of work on the Motion (#24) and Reply (#29), apportioned as follows: 5.3 hours work performed by J.

---

[1] The court's Order (#87) erroneously awarded costs for "bringing the Motion (#55)." The correct docket number for the Motion is (#67). Defendant's affidavit of fees and costs correctly reports fees related to Motion (#67).

William Ebert, Esq., at a rate of $135/hour; and 3.3 hours work performed by Evangelin Lee, Esq., at a rate of $120/hour. Of those hours, 3.3 hours were devoted to the Motion (#24) at a rate of $120/hour, while the remainder were related to defendant's Reply (#29). While the court does not find these fees to be unreasonable, the court's Order (#30) did not grant fees for the Reply (#29), but only for the Motion (#24). Defendant does not seek the costs, if any, incurred in preparing the motion (#24). Accordingly, plaintiff shall be ordered to pay $396.00 as the reasonable fees incurred by defendant in bringing its Motion to Compel (#24).

Regarding the Motion for Sanctions (#67) and Reply (#70), defendant requests fees in the amount of $3,995.50 representing a cumulative 29.3 hours. All work was performed by J. William Ebert, Esq., at a rate of $135/hour. Again, defendant does not seek the costs, if any, incurred in preparing the Motion (#67) and Reply (#70). The court finds the request for fees to be excessive. The court will order plaintiff to pay defendant the sum of $2,025.00 as the reasonable fees incurred by defendant in bringing its Motion for Sanctions (#67) and Reply (#70).

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion for Sanctions (#67) is GRANTED to the extent that plaintiff shall pay to defendant the sum of $2,025.00 as the reasonable attorney's fees incurred by defendant in bringing its Motion for Sanctions (#67) and Reply (#70). Payment shall be made not later than August 27, 2010.

IT IS FURTHER ORDERED that defendant's Motion to Compel (#24) is GRANTED to the extent that plaintiff shall, not later than August 27, 2010, pay to defendant the sum of $396.00 as reasonable attorney's fees incurred by defendant in bringing its Motion to Compel (#24).

DATED this 19th day of July, 2010.

_____
**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**