# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GRO ELISABET SILLE,

    Plaintiff,

vs.

PARBALL CORPORATION, d/b/a, THE FLAMINGO LAS VEGAS AND PARBALL CORPORATION, et al.,

    Defendants.

Case No. 2:07-CV-00901-KJD-(LRL)

**ORDER**

Presently before the Court is Defendant's Motion for Summary Judgment (#69). The Court has also considered Plaintiff's Opposition (#79) and the Reply (#86).

## FACTS

Plaintiff claims that she was injured on September 18, 2006 at approximately 3:20 a.m. while jogging on Defendants' property, the Flamingo Las Vegas Hotel. She alleges she tripped and fell over a coiled garden hose that was dark in color and in an area insufficiently illuminated for pedestrian foot traffic. In her deposition, she testified that although the area was generally well lit, the hose was in a darkened area and she did not see it before her feet became entangled, causing her to fall, resulting in personal injuries.

Defendants contend that Dr. Thomas J. Ayres inspected the area where Plaintiff allegedly fell on September 1, 2009 between 1:30 and 4:00 a.m. in the presence of three of Defendants' employees who provided affidavits stating that the lighting conditions at the time of the inspection were essentially identical to the lighting conditions at the time of Plaintiff's alleged fall.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

ANALYSIS

The weight to be given the opinions of Plaintiff, Dr. Ayres, and employees of the hotel as to the sufficiency of lighting at the time of the accident, are issues for the trier of fact. Ayres' opinions are based upon the affidavits of employees. However, the employees have merely stated opinions that the lighting at the time of the inspection, three years after the accident, was the same as existed at the time of the accident, and that the area was adequately illuminated. On the other hand, Plaintiff asserts in her deposition that the hose was in a darkened area and that she was unable to see it prior to her accident. Whether Plaintiff made reasonable use of her faculties and whether she should have observed the condition which caused her injury are material issues of fact. Whether Plaintiff was acting reasonably under the circumstances is also a question of fact. Whether Defendant was reasonable in leaving a coiled garden hose in an area intended and used for pedestrian traffic is also a material issue of fact.

Accordingly, Defendants' Motion for Summary Judgment (#69) is **DENIED**.

DATED: September 30, 2010.

_____
KENT J. DAWSON
United States District Judge