UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRO ELISABET SILLE, | ) |
| | ) |
| Plaintiff, | ) 2:07-cv-00901-KJD-LRL |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| PARBALL CORPORATION D/B/A THE | ) |
| FLAMINGO LAS VEGAS, ET AL., | ) |
| | ) |
| Defendants. | ) |

Presently before the Court is Plaintiff's Motion to Permit Trial Testimony by Video or Telephone Under Federal Rule of Civil Procedure 43(a) (#134). Defendant has filed a response in opposition (#141).

BACKGROUND

Plaintiff asserts as grounds for her motion the following:

1. Most of Plaintiff's health care providers are in Norway and the balance are in New York;

2. Many of Plaintiff's important fact witnesses are in Norway as well;

3. The costs of travel, physical disruption and lost time for Plaintiff's witnesses be significant;

4. The Court has authority to permit trial testimony to be taken by video or telephone.

Defendant's opposition asserts that there is no good cause or compelling circumstance to permit testimony by video or telephone, that Plaintiff has adequate resources to compel live testimony and that there are no safeguards that will prevent prejudice to Defendant.

## ANALYSIS

Rule 43 of the Federal Rules of Civil Procedure provides:

> (a) **In Open Court**. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the Court may permit testimony in open court by contemporaneous transmission from a different location.

Plaintiff's Motion to Permit Trial Testimony by Video or Telephone (#134) was filed June 17, 2011. Trial of this matter is on calendar to commence July 25, 2011. A settlement conference is scheduled for July 14, 2011. While the case is on a stacked calendar, this case has been pending for well over three years. Because of its age, this case has precedence and is fully anticipated to go forward as scheduled.

The Advisory Committee notes to the 1996 amendment of Rule 43(a) make it clear that transmission cannot be justified merely by showing that it is inconvenient for the witnesses to attend the trial. The notes further state:

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Other possible justifications for remote transmission much be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures insure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances.

In the instant case, there are no compelling circumstances to justify permitting testimony to be taken in the manner requested by Plaintiff. There is nothing unexpected concerning the ability of

1  Plaintiff's witnesses to attend. Norway and New York have remained the same distance from Las

2  Vegas, Nevada during the entire pendency of this action. The lateness of Plaintiff's motion, if

3  granted, will deprive Defendants of the opportunity to secure testimony of the witnesses by

4  deposition. Again, quoting from the Advisory Committee notes:

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying. The very importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the fact finder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face to face is accorded great value in our tradition.

11  Plaintiff's request is complicated by the fact that Plaintiff appears to be requesting blanket

12  authorization for video or telephone testimony for virtually all of her Norwegian and New York

13  health care providers and witnesses. The request is problematic due to the fact it is unclear at this

14  juncture how many of those witnesses will actually be able to provide testimony relevant to the

15  issues in this case. As is evident from the numerous motions in limine recently filed in this action,

16  there remain numerous unresolved discovery disputes. Those disputes range from admissibility of

17  evidence, to requested sanctions for discovery abuse. Resolution of these disputes has been greatly

18  complicated by delay or non-production of documents, failure to translate documents from

19  Norwegian to English, and Plaintiff's identification of large volumes of photos and articles which are

20  arguably cumulative, irrelevant and lacking in probative value. Presently pending is Defendants'

21  Third Motion for Sanctions Regarding Discovery (#104).

22  For the reasons stated above, this Court is not inclined to grant a continuance of the trial in

23  this matter. The Magistrate Judge assigned to this case is well aware of the course of discovery in

24  this action and will have the advantage of that history in addressing the discovery issues still

25  pending. In the interest of conserving judicial resources, this Court will await the decision of the

Magistrate Judge before ruling on the remaining motions in limine.  However, the parties are counseled to consider the necessity, admissibility and relevance of proposed witnesses and exhibits.  The purpose of discovery is to narrow issues and streamline the presentation of evidence.  It does not yet appear that has happened in this case.

## CONCLUSION

Plaintiff's Motion to Permit Trial Testimony by Video or Telephone (#134) is **DENIED** as untimely, prejudicial to Defendants, and lacking good cause or compelling circumstances.

DATED July 8, 2011:

_____
UNITED STATES DISTRICT JUDGE

4