UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRO ELISABET SILLE, | ) |
| | ) |
| Plaintiff, | ) 2:07-cv-00901-KJD-LRL |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| PARBALL CORPORATION D/B/A THE | ) |
| FLAMINGO LAS VEGAS, ET AL., | ) |
| | ) |
| Defendants. | ) |

Presently before the Court is Plaintiff's Motion in Limine Number One to Exclude the Testimony of Dr. Thomas J. Ayres (#129). Defendant has filed its opposition (#139). Also before the Court is Plaintiff's Motion in Limine Number Two to Exclude the Testimony of Glenn S. Lipson, PhD. (#133). Defendant has filed its Opposition (#140).

<u>ANALYSIS</u>

Plaintiff's Motion in Limine Number One seeks to exclude the testimony of Dr. Thomas J. Ayres. Plaintiff objects to the opinions of Dr. Ayres, asserting that those opinions are based upon reports of unnamed and unidentified security and maintenance workers present at the time of the accident. Accordingly, it is argued, Dr. Ayres' conclusion that conditions were essentially similar at the time of the accident and the time of Dr. Ayres' inspection three years later, is unsupported.

However, Defendant's opposition points out that three of Defendant's employees, Ricci Casali, Robert Porchnow, and Gerald Fejedelem, provided sworn affidavits based upon personal knowledge that the conditions were the same.  Further, according to Defendant, the identities of these individuals were served on Plaintiff on September 15, 2009, concurrently with Defendant's designation of expert witnesses, and copies of their affidavits were attached to Defendant's Motion for Summary Judgment (#69).

Plaintiff's next objection deals with Dr. Ayers' use of photographs purporting to represent how the scene of the accident would have appeared on September 18, 2006, the time of Plaintiff's injury, arguing that no one can authenticate the photographs as a fair and accurate representation of the accident scene as it existed at the time of the accident and that the use of red and green "exemplar hoses" does not disclose any similarity between those hoses and the one that actually tripped Plaintiff.  As to the latter objection, Defendant's employees have identified two hoses, one green, to conform to Plaintiff's description of the one she tripped over, and one red, which Defendant's employees believe might also have been in use at the time of the accident.  Concerning the former objection, the employee testimony is adequate basis for the opinion.  Plaintiff's objections go to the weight to be accorded to the opinion, not admissibility.

Plaintiff's final objection concerns Dr. Ayres' opinion that diversion of attention is a possible explanation for Plaintiff tripping over an object which was arguably in plain sight.  Plaintiff contends that such an opinion is not scientific or one which might be helpful to the jury.  The Court disagrees.  "Human factors" is an area upon which scientific evidence may be offered that would be  helpful to the jury in understanding the evidence in this case.

Plaintiff's Motion in Limine Number Two seeks to exclude the testimony of Glenn S. Lipson, PhD.  Plaintiff's objection to Dr. Lipson's opinions are based upon the fact that he has not met or examined Plaintiff and that the proposed opinions invade the province of the jury in determining credibility.

Plaintiff cites the American Psychological Association, Ethical Principles of Psychologists and Code of Conduct, Section 9.01, as supporting her claim that Dr. Lipson's report does not match professional standards because he has not conducted an examination of Plaintiff. However, that same section goes on to allow for situations, as here, in which only a records review is conducted.

Plaintiff's next objection to the report of Dr. Lipson is that there is no scientific methodology underlying his opinions. However, case law makes it clear that "soft" sciences, such as psychology cannot always be measured by objective tests. In cases involving social sciences, subjective tests, clinical observations and professional judgment play a bigger role. There can be no doubt that expert psychological testimony is admissible. See., e.g., Heishman v. Ayers, 621, F3d 1030 (9th Cir. 2010). Plaintiff's objections go to the weight to be accorded the opinions of Dr. Lipson, not admissibility. The Court finds that the proffered testimony will assist the trier of fact in determining Plaintiff's claims of depression and Post-Traumatic Stress Disorder.

Accordingly, Plaintiff's Motion in Limine Number One, is **DENIED** (#129) and Plaintiff's Motion in Limine Number Two is **DENIED** (#133)**.**

DATED: July 12, 2011.

_____
UNITED STATES DISTRICT JUDGE