UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GRO ELISABET SILLE, | 2:07-cv-00901-KJD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| PARBALL CORPORATION, | **(Motions to Intervene #197 and #199)** |
| Defendant. | |

Before the court is American Legal Funding, LLC and ALFund Prime LLC's (hereinafter "ALF") Motion To Intervene. (#197). Plaintiff Gro Elisabet Sille filed a Reponse (#198), and ALF filed a Reply (#200).

Also before the court is Preferred Capital Lending of Nevada, LLC's (hereinafter "Preferred Capital") Motion To Intervene. (#199). ALF filed a Response (#201), and Preferred Capital filed a Reply. (#202). Plaintiff Sille also filed a response to Preferred Capital's Motion. (#203). The court held a hearing on the motions on September 21, 2012.

**Motions To Intervene**

    **A.**    **Background**

Plaintiff Sille filed her complaint on July 6, 2007, against The Flamingo Las Vegas Hotel and Casino and Harrahs Entertainment, Inc. relating to an incident that occurred on defendants' premises. (#1-2). Plaintiff sought $25,000,000.00 in damages. *Id.* Plaintiff filed an amended complaint on August 15, 2007, adding Parball Corporation (hereinafter "Parball") as a defendant and removing other parties. (#15). A settlement conference was held on July 17, 2011 (#172), and the parties reached a

settlement (#173). On August 5, 2011, the court granted the parties' joint request for additional time to submit settlement documents, and permitted the parties until August 17, 2011, to file appropriate requests to implead the settlement funds and serve notice on the lien claimants. (#179). The reason for the extension was that "a number of liens [had] been asserted on the settlement proceeds, including an attorney's lien," and that in light of the liens, plaintiff's counsel was "preparing a request to implead the settlement funds into the [c]ourt...so that the [c]ourt can determine the distribution of the settlement funds." *Id.*

On August 18, 2011, the court granted the parties' request for an additional four-week extension to file the stip for dismissal, to request to interplead the settlement funds, and to serve notice on the lien claimants. (#181). On September 14, 2011, defendant Parball filed a motion for leave to amend its amended answer to include a counterclaim and third party complaint for interpleader relief. (#182). Parball asserted in the motion that "the parties have agreed to settle all outstanding claims with prejudice," but that "Sille and her counsel have not resolved outstanding liens brought by six known parties claiming liens on the settlement proceeds." *Id.*

On September 20, 2011, plaintiff filed a declaration in response to the motion to amend pleading. (#184). Plaintiff argued that the motion to amend (#182) does not include all parties who may have an interest in the settlement proceeds and raises the question of whether the court has jurisdiction over some of the named parties, as certain funding companies and health care providers do not have a corporate presence in Nevada. *Id.* Plaintiff asserted that on August 29, 2011, a predecessor attorney for the plaintiff filed a claim in New York, seeking to assert a charging lien on the proceeds of the action. *Id.* Plaintiff's counsel asserted that he intends to assert an interpleader as a counterclaim or third party claim in the New York proceeding that will join all the parties who have an interest in the settlement proceeds. *Id.*

On September 29, 2011, defendant Parball filed the reply in support of its motion for leave to amend its amended answer. (#186). Defendant asserted that plaintiff had not filed any papers seeking interpleader relief in the New York case, and that it had learned of five additional lien holders. *Id.*

On September 30, 2011, the Honorable Judge Dawson entered an order denying defendant's motion (#182) on the grounds of jurisdiction, stating that the court is "not certain where the parties will be litigating entitlement to the settlement proceeds since [p]laintiff has indicated a desire to litigate the issue in New York state court." (#187). The court ordered defendant to "deposit the settlement funds with the Clerk of the Court pending the commencement of the action to determine distribution of the funds." *Id.* On November 18, 2011, Defendant deposited the settlement funds with the Court. (#192). On November 29, 2011, the Court granted the stipulation and order for dismissal with prejudice. (#194).

On December 1, 2011, ALFund Prime LLC addressed a letter to Judge Dawson stating that they have a security interest in the proceeds of the attorney fees portion of the case from attorney Stephen Chakwin. (#195). On December 8, 2011, Mr. Chakwin filed a letter responding to ALFund's letter dated December 1, 2011, asserting that he has filed a motion in the New York action to join all relevant parties, including ALF. (#196).

B.     **Pending Motions/Discussion**

On February 22, 2012, ALF filed the instant motion to intervene. (#197). On March 12, 2012, plaintiff filed a response to the motion to intervene, stating that plaintiff considers the application to be premature, but that plaintiff consents to the intervention motion to a limited extent. (#198). On March 15, 2012, Preferred Capital Lending of Nevada, LLC filed a Motion to Intervene. (#199). On March 21, 2012, ALF filed a reply in support of their motion to intervene (#197), asserting that the court should grant the motion. (#200). On the same day, ALF also filed a response to Preferred Capital's motion to intervene (#199), stating that they take no position as to whether the court should permit Preferred Capital to intervene. (#201). On March 30, 2012, Preferred Capital filed a reply, stating that no party

has challenged its motion to intervene and that while ALF may have a similar lien, Preferred Capital should not be precluded from intervening solely on that basis. (#202).

Plaintiff filed an opposition to Preferred Capital's motion to intervene (#199), objecting to the proposed intervention on the basis that (1) Preferred Capital's "attempt to recover on the loan it made to [plaintiff's counsel] bears no relationship to the claims in this action by Plaintiff to recover for personal injuries," and (2) Preferred Capital has a third lien, and their "simply will not be any money left for [Preferred Capital] after the other attorneys who represented Plaintiff and the two senior lienors are paid." (#203).

On August 16, 2012, the action was reassigned to the undersigned Magistrate Judge for all further proceedings (#204), and Judge Dawson referred the pending motions to intervene (#197 and #199) to the undersigned. On August 29, 2012, the court scheduled a status conference regarding the pending motions to intervene (#197 and #199). (#205). The court held the status conference on September 21, 2012, at 11:00 a.m. After discussing the issues relating to the pending motions to intervene (#197 and #199), including the court's jurisdiction, the court finds that granting the motions (#197 and #199) is appropriate.

Accordingly and for good cause shown,

IT IS ORDERED that American Legal Funding, LLC and ALFund Prime LLC's Motion To Intervene (#197) and Preferred Capital Lending of Nevada, LLC's Motion To Intervene (#199) are GRANTED.

IT IS FURTHER ORDERED that on or before October 5, 2012, the parties must:

> (1) submit to the court an agreed upon maximum amount of attorneys' fees that should remain deposited with the court until resolution of the lien dispute.

(2) file a discovery/briefing plan, including how the parties intend to proceed in preparation for a hearing to determine how the remaining funds are distributed, how to notify potential claimants, and the procedure of asserting proofs of claim.

(3) file with the court a Stipulated Confidentiality and Protective Order for the court's approval. The stipulation must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Local Rule 10-5(b).

IT IS FURTHER ORDERED that Pages 7 and 8 of Plaintiff's Response to ALF's Motion to Intervene (#198) and any reference during the hearing to the settlement amount are hereby SEALED.

DATED this 21st day of September, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE