1
2
3
4
5                             **UNITED STATES DISTRICT COURT**
6                                    **DISTRICT OF NEVADA**
7   GRO ELISABET SILLE,                       )
                                               )      2:07-cv-00901-KJD-VCF
8                         Plaintiff,           )
                                               )      **O R D E R**
9   vs.                                        )
                                               )
10  PARBALL CORPORATION,                       )      (Stipulated Confidentiality Agreement
                                               )      and Protective Order #212)
11                                             )
                          Defendant.           )
12  _____      )

13       Before the court is the parties' Stipulated Confidentiality Agreement and Protective Order (#212)

14  which the court approves, with the exception of Paragraph (7). This order also reminds counsel that there

15  is a presumption of public access to judicial files and records. Paragraph (7) of the parties' proposed

16  stipulation was not approved and was deleted by the court. Paragraph (7) stated that

17  > "Any Confidential or Highly Confidential Information filed with the Court by any
   > party, including transcripts of depositions or portions thereof, documents
18  > produced in discovery, information obtained from inspection of premises or
   > things, and answers to interrogatories or request for admissions, exhibits and all
19  > other documents which have previous thereto been designated as containing
   > Confidential or Highly Confidential Material, or any pleading or memorandum
20  > reproducing or containing such information, shall be filed in sealed envelopes
   > bearing the title of the case and the notation:
21
22  > "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
   > To Be Opened Only Upon Further Order of This Court Or
   > for the Sole Use of The Court and Its Employees"
23
   > All such sealed envelopes shall be accompanied by an appropriate motion
24  > requesting that the Court seal such records and that such records not be opened
   > except for the sole use of the Court or its employees or as otherwise ordered by
25  > the Court. The information contained in such sealed envelopes shall remain
   > confidential with the Court for a reasonable amount of time until the Court rules
26  > on the motion." (#212).

27       While some of the deleted language is not inconsistent with the Ninth Circuit's directives in

28  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) or this court's Local Rules

    regarding filing confidential documents or utilizing confidential documents at trial, the court issues this

order to clarify that the parties must adhere to those directives as set forth below.

Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>   In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public

documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1. Deleted Paragraph (7) of the parties' Stipulated Confidentiality Agreement and Protective Order (#212) is **NOT APPROVED**.

2. The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Confidentiality Agreement and Protective Order (#212), as modified and signed by the court, is **APPROVED.**

Dated this 15th day of October, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

SAO
Sean K. Claggett, Esq.
Nevada Bar No. 008407
William T. Sykes, Esq.
Nevada Bar No. 009916
CLAGGETT & SYKES
8751 W. Charleston Blvd., Ste. 220
Las Vegas, Nevada 89117
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
wsykes@claggettlaw.com

*Attorneys for Preferred Capital Lending of Nevada, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GRO ELISABET SILLE<br><br>Plaintiff,<br><br>v.<br><br>PARBALL CORPORATION, *et al.*,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS | CASE NO.: 2:07-CV-00901-KJD-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

IT IS HEREBY ORDERED UPON STIPULATION between all interested parties, by and through their respective counsel of record that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

1. **Confidential Information.** In providing or revealing discovery materials, any party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the whole or the part of discovery material which constitutes trade secrets, know-how, proprietary data, marketing information, contracts, financial information, security information, surveillance information,

1

and/or similar commercially sensitive business information or data which the designated party in good faith believes in fact is confidential or that unprotected disclosures might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices. It is expressly understood that the amount of the underlying settlement agreement is specifically designated confidential.

2. **Designation of Confidential Information.** If a party ("Producing Party") in this action determines that any of its documents or things or responses produced in the course of discovery in this action should be designated as provided in Section 1 and, therefore, constitute "Confidential Information" or "Highly Confidential Information," it shall advise the other party ("Receiving Party") who has received such information of this fact, and all copies of such document; or things or response to portions thereof deemed to be Confidential or Highly Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the expense of the Producing Party and treated accordingly by all parties.

3. **Use of Confidential Information.** All Confidential or Highly Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purposes of this lawsuit, and shall not be disclosed to anyone other than those persons identified herein in Section 5 or 6 and shall be handled in the matter set forth herein until such designation is removed by the Producing Party or by order of the Court. Such Confidential or Highly Confidential Information shall not be used by any Receiving Party or other person granted access thereto under this Stipulated Confidentially Agreement and Protective Order ("Stipulation and Order") for any purpose, including, but not limited to, a business or competitive purpose. Nothing herein shall preclude the Producing Party from using its own Confidential or Highly Confidential Information.

4. **Use of Confidential Information in Depositions.** Any party shall have the right to use Confidential or Highly Confidential Information during depositions, provided that no third parties are present during such depositions. At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or whenever counsel for a party deems that the answer to the question may result in the disclosure of

1  Confidential or Highly Confidential Information, or whenever counsel for a party deems that the
2  answer to any question has resulted in the disclosure of Confidential or Highly Confidential
3  Information, the deposition (or portions thereof) may be designated by the affected party as
4  containing Confidential or Highly Confidential Information subject to the provisions of this
5  Stipulation and Order. When such designation has been made, the testimony or the transcript of
6  such testimony shall be disclosed only to those parties described in Section 5 or 6, and the
7  information contained therein shall be used only as specified in this Stipulation and Order.
8  Counsel for the person whose Confidential or Highly Confidential Information is involved may
9  also request that all persons not qualified under Section 5 or 6 of this Stipulation and Order to
10 have access to the Confidential or Highly Confidential Information leave the deposition room
11 during the confidential portion of the deposition. Failure of such other persons to comply with a
12 request to leave the deposition shall constitute substantial justification for counsel to advise the
13 witness that the witness need not answer the question seeking the revelation of Confidential or
14 Highly Confidential Information. Moreover, all originals and copies of the deposition transcripts
15 that contain Confidential or Highly Confidential Information shall be prominently marked
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover thereof and, if and when filed
17 with the Court, the portions of such transcript so designated shall be accompanied by an
18 appropriate motion seeking leave from the Court to file such portions under seal. Counsel must
19 designate portions of deposition transcript as "CONFIDENTIAL" or "HIGHLY
20 CONFIDENTIAL" within thirty (30) days of receiving the transcript. Designations may be made
21 by letter to counsel of record or on the record during the deposition. Portions of deposition
22 transcripts so designated shall be treated as Confidential or Highly Confidential Information by
23 the parties as set forth herein during the thirty (30) day period, the entire transcript shall be treated
24 as confidential. If no confidential designations are made within the thirty (30) day period, the
25 entire transcript shall be considered non-confidential.
26     5.     **Disclosure of Confidential Information.** Confidential Information produced
27 pursuant to this Order may be disclosed or made available only to the Court and to the persons
28 designated below:

3

1  (a) Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

  (b) A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  (c) Outside experts or consultants (together with clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  (d) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

  (e) The Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit;

  (f) Court reporter(s) and videographers(s) employed in this action; and

  (g) Any other person as to whom the parties agree in writing or that the Court in these proceedings designates.

  Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (e) and (g) of section 5 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subparts (c) or (d) of Section 5 shall also be required to execute a copy of the form Attachment A.

  6. **Disclosure of Highly Confidential Information.** Highly Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

    (a)    Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

    (b)    Outside experts or consultants (together with clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

    (d)    The Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit;

    (e)    Court reporter(s) and videographers(s) employed in this action; and

    (f)    Any other person as to whom the parties agree in writing or that the Court in these proceedings designates.

Any person to whom Highly Confidential Information is disclosed pursuant to subparts (a) through (d) and (f) of Section 6 shall be advised that the Highly Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Highly Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Highly Confidential Information is disclosed pursuant to subparts (b) or (c) of Section 6 shall also be required to execute a copy of the form Attachment A.

~~7.    Filing of Confidential Information with the Court. Any Confidential or Highly Confidential Information filed with the Court by any party, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or request for admissions, exhibits and all other documents which have previous thereto been designated as containing Confidential or Highly Confidential Material, or any pleading or memorandum reproducing or containing such information, shall be filed in sealed envelopes bearing the title of the case and the notation:~~

5

1  ~~"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER~~
2  ~~To Be Opened Only Upon Further Order of This Court
   Or for the Sole Use of The Court and Its Employees"~~
3  ~~All such sealed envelopes shall be accompanied by an appropriate motion requesting that the~~
4  ~~Court seal such records and that such records not be opened except for the sole use of the Court or~~
5  ~~its employees or as otherwise ordered by the Court. The information contained in such sealed~~
6  ~~envelopes shall remain confidential with the Court for a reasonable amount of time until the Court~~
7  ~~rules on the motion.~~

8     8.    **Application to Third Parties.** This Protective Order shall inure to the benefit of
9  and may be invoked and enforced by third parties with respect to documents and information
10 produced by them in the course of pretrial discovery in this action and designated by them as
11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the manner provided herein. Any third
12 party invoking the Protective Order shall comply with, and be subject to, all other applicable
13 sections of the Protective Order.

14    9.    **Knowledge of Unauthorized Use of Possession.** The Receiving Party shall
15 immediately notify the Producing Party, in writing, if the Receiving Party learns of any
16 unauthorized possession, knowledge, use or disclosure of any Confidential or Highly Confidential
17 Material which has occurred by way of Confidential or Highly Confidential Material provided by
18 that Receiving Party. The Receiving Party shall promptly furnish the Producing Party full details
19 of such possession, knowledge, use or disclosure. With respect to such unauthorized possession,
20 knowledge use or disclosure the Receiving Party shall assist the Producing Party in preventing its
21 recurrence of and shall cooperate fully with the Producing Party in any litigation to prevent the
22 unauthorized use or further dissemination of the Confidential or Highly Confidential Material.

23    10.   **Copies, Summaries or Abstracts.** Any copies, explicit summaries or abstracts, or
24 exact duplications of Confidential or Highly Confidential Information shall be marked
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be considered Confidential or
26 Highly Confidential Information subject to the terms and conditions of this Order.

27    11.   **Information Not Confidential.** The restrictions set forth in this Order shall not be
28 construed:

      (a)    To preclude any party or its attorneys of record from making use of information that was lawfully in their possession prior to the approval by the Court of this Protective Order and/or production by the producing party;

      (b)    To apply to information obtained by a party from any non-party to this litigation having the right to disclose such information; or

      (c)    To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a receiving party; or

      (d)    To apply to information or other materials that, under the law, have been declared to be in the public domain.

12. **Designation of Discovery Materials.** Documents and other discovery materials (or portions thereof) constituting, comprising, containing or referring to Confidential or Highly Confidential Information, in whole or in part, shall be identified by being marked or stamped as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". With respect to a multi-page document that contains Confidential or Highly Confidential Information, the designation should be made, to the extent possible, on each page of the document. If designation in this manner is impossible or impractical, the Producing Party may use such other method of designation as is reasonable under the circumstances.

13. **Challenges to Designation.** If at the time during the preparation for trial or during the trial of this action, counsel for any party claims that counsel for any other party or nonparty has unreasonably designated certain information as Confidential or Highly Confidential Material, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the objecting counsel may make an appropriate application to this Court requesting that the specific documents, information, and/or deposition testimony be excluded from the provision of this Order or be available to specified other persons. Each party shall be given notice and reasonable time to object to the disclosure. The party claiming confidentiality shall have the burden of establishing confidentiality.

7

1    14.   **Use in Court.** In the event that any Confidential or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status throughout such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.  Nothing in this Protective Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential or Highly Confidential Information at the trial of this action.

15.   **No Waiver Re Confidential Nature of Information.**   This Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed (i) to have the effect of an admission or waiver by either party of the confidentiality or non-confidentiality of any materials, (ii) to alter the confidentiality or the non-confidentiality of any such document or information, (iii) to alter any existing obligation of any party or the absence thereof, or (iv) to affect in any way the authenticity or admissibility of any document, testimony, or other evidence at trial.  Entry of this Order does not preclude any party from seeking or opposing additional protection for particular information.

16.   **Inadvertent Failure to Designate.**  The inadvertent failure of a Producing Party to designate discovery materials as Confidential or Highly Confidential Information as such shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such discovery materials.  Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  However, disclosure by a Receiving Party of such discovery materials to any other person prior to the altering of designation of discovery materials in accordance with this section shall not violate the terms of this Stipulation and Order.

17.   **No Waiver of Privilege.**    This Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product exemption, or any other privilege or protection provided under the law.

8

1   18.   **Return or Destruction of Information.**   Within thirty (30) days after the
2 conclusion of this action, including any appeal thereof, or the conclusion of any other legal
3 proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, all
4 documents and things, including transcripts of depositions (or appropriate portions of such
5 transcripts), together with all copies thereof, which have been designated as Confidential or
6 Highly Confidential Information, shall be returned to the designating party. In lieu of returning
7 such designated materials as provided above, counsel for the Receiving Party may certify in
8 writing to counsel for the Designating Party that the materials have been destroyed.

9   19.   **Injunctive Relief Available.**   Each party acknowledges that monetary remedies
10 are inadequate to protect each party in the case of unauthorized disclosure or use of Confidential
11 or Highly Confidential Information and that injunctive relief shall be appropriate to protect each
12 party's rights in the event there is any such unauthorized disclosure or use of such information.

13   20.   **Other Actions and Proceedings.**   If a Receiving Party (a) is subpoenaed in
14 another action or proceeding, (b) is served with a demand in another action or proceeding in
15 which it is a party, or (c) is served with any legal process by one not a party to this Stipulation and
16 Order, seeking discovery materials which were produced or designated as Confidential or Highly
17 Confidential Information pursuant to this Stipulation and Order, the Receiving Party shall give
18 prompt actual written notice by hand or facsimile transmission to counsel of record for such
19 Producing Party within five (5) business days of receipt of such subpoena, demand or legal
20 process or such shorter notice as may be required to provide the Producing Party with the
21 opportunity to object to the immediate production of the requested discovery materials to the
22 extent permitted by law. Should the person seeking access to Confidential Discovery Materials
23 take action against the Receiving Party or anyone else covered by this Stipulation and Order to
24 enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by
25 setting forth the existence of this Stipulation and Order.

26   21.   **Order Survives Termination.**   This Order shall survive termination of this
27 action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
28 information disclosed hereunder.

DATED this 12 day of Oct, 2012.        DATED this ___ day of _____, 2012.

CLAGGETT & SYKES                        THE FLOMENHAFT LAW FIRM, PLLC

_____              _____
SEAN K. CLAGGETT, ESQ.                  STEPHEN D. CHAKWIN, JR., ESQ.
WILLIAM T. SYKES, ESQ.                  90 Broad Street, Suite 1901
8751 W. Charleston Blvd., Ste. 220      New York, New York, 10004
Las Vegas, Nevada 89117                 *Attorney for Plaintiff*
*Attorneys for Preferred Capital Lending Nevada, LLC*


DATED this ___ day of _____, 2012.   DATED this ___ day of _____, 2012.

HANRATTY LAW GROUP                      DANIEL CRUPAIN

_____              _____
KEVIN M. HANRATTY, ESQ.                 DANIEL CRUPAIN, ESQ.
1815 Village Center Circle, Ste. 140    225 Broadway
Las Vegas, Nevada 89134                 New York, New York 10007
*Attorney for Plaintiff*


DATED this ___ day of _____, 2012.

JENNINGS, HAUG & CUNNINGHAM, LLP


_____
ELAN S. MIZRAHI, ESQ.
2800 North Central Ave., suite 1800
Phoenix, Arizona 85004-1049
*Attorney for American Legal Funding, LLC and ALFund Prime, LLC*

| | |
|---|---|
| DATED this ____ day of _____, 2012. | DATED this 12th day of October, 2012. |
| CLAGGETT & SYKES | THE FLOMENHAFT LAW FIRM, PLLC |
| | *[signature]* |
| _____ | _____ |
| SEAN K. CLAGGETT, ESQ. | STEPHEN D. CHAKWIN, JR., ESQ. |
| WILLIAM T. SYKES, ESQ. | 90 Broad Street, Suite 1901 |
| 8751 W. Charleston Blvd., Ste. 220 | New York, New York, 10004 |
| Las Vegas, Nevada 89117 | *Attorney for Plaintiff* |
| *Attorneys for Preferred Capital Lending Nevada, LLC* | |
| | |
| DATED this ____ day of _____, 2012. | DATED this ____ day of _____, 2012. |
| HANRATTY LAW GROUP | DANIEL CRUPAIN |
| | |
| _____ | _____ |
| KEVIN M. HANRATTY, ESQ. | DANIEL CRUPAIN, ESQ. |
| 1815 Village Center Circle, Ste. 140 | 225 Broadway |
| Las Vegas, Nevada 89134 | New York, New York 10007 |
| *Attorney for Plaintiff* | |
| | |
| DATED this ____ day of _____, 2012. | |
| JENNINGS, HAUG & CUNNINGHAM, LLP | |
| | |
| _____ | |
| ELAN S. MIZRAHI, ESQ. | |
| 2800 North Central Ave., suite 1800 | |
| Phoenix, Arizona 85004-1049 | |
| *Attorney for American Legal Funding, LLC and ALFund Prime, LLC* | |

10


| | |
|---|---|
| 1  DATED this ____ day of _____, 2012. | DATED this ____ day of _____, 2012. |
| 2  CLAGGETT & SYKES | THE FLOMENHAFT LAW FIRM, PLLC |

_____

SEAN K. CLAGGETT, ESQ.
WILLIAM T. SYKES, ESQ.
8751 W. Charleston Blvd., Ste. 220
Las Vegas, Nevada 89117
*Attorneys for Preferred Capital Lending Nevada, LLC*

STEPHEN D. CHAKWIN, JR., ESQ.
90 Broad Street, Suite 1901
New York, New York, 10004
*Attorney for Plaintiff*

DATED this _10_ day of _October_, 2012.

HANRATTY LAW GROUP

/s/ Kevin M. Hanratty

_____
KEVIN M. HANRATTY, ESQ.
1815 Village Center Circle, Ste. 140
Las Vegas, Nevada 89134
*Attorney for Plaintiff*

DATED this ____ day of _____, 2012.

DANIEL CRUPAIN

_____
DANIEL CRUPAIN, ESQ.
225 Broadway
New York, New York 10007

DATED this ____ day of _____, 2012.

JENNINGS, HAUG & CUNNINGHAM, LLP

_____
ELAN S. MIZRAHI, ESQ.
2800 North Central Ave., suite 1800
Phoenix, Arizona 85004-1049
*Attorney for American Legal Funding, LLC and ALFund Prime, LLC*

| | | |
|---|---|---|
| 1 | DATED this ___ day of _____, 2012. | DATED this ___ day of _____, 2012. |
| 2 | CLAGGETT & SYKES | THE FLOMENHAFT LAW FIRM, PLLC |

SEAN K. CLAGGETT, ESQ.
WILLIAM T. SYKES, ESQ.
8751 W. Charleston Blvd., Ste. 220
Las Vegas, Nevada 89117
*Attorneys for Preferred Capital Lending Nevada, LLC*

STEPHEN D. CHAKWIN, JR., ESQ.
90 Broad Street, Suite 1901
New York, New York, 10004
*Attorney for Plaintiff*

DATED this ___ day of _____, 2012.

HANRATTY LAW GROUP

KEVIN M. HANRATTY, ESQ.
1815 Village Center Circle, Ste. 140
Las Vegas, Nevada 89134
*Attorney for Plaintiff*

DATED this _11_ day of _October_, 2012.

DANIEL CRUPAIN

DANIEL CRUPAIN, ESQ.
225 Broadway
New York, New York 10007

DATED this ___ day of _____, 2012.

JENNINGS, HAUG & CUNNINGHAM, LLP

ELAN S. MIZRAHI, ESQ.
2800 North Central Ave., suite 1800
Phoenix, Arizona 85004-1049
*Attorney for American Legal Funding, LLC and ALFund Prime, LLC*

```
 1 | DATED this ____ day of _____, 2012.        DATED this ____ day of _____, 2012.
 2 | CLAGGETT & SYKES                              THE FLOMENHAFT LAW FIRM, PLLC
 3 |
 4 | _____                _____
 5 | SEAN K. CLAGGETT, ESQ.                        STEPHEN D. CHAKWIN, JR., ESQ.
   | WILLIAM T. SYKES, ESQ.                        90 Broad Street, Suite 1901
 6 | 8751 W. Charleston Blvd., Ste. 220            New York, New York, 10004
   | Las Vegas, Nevada 89117                       Attorney for Plaintiff
 7 | Attorneys for Preferred Capital Lending
   | Nevada, LLC
 8 |
 9 | DATED this ____ day of _____, 2012.        DATED this ____ day of _____, 2012.
10 | HANRATTY LAW GROUP                            DANIEL CRUPAIN
11 |
12 | _____                _____
   | KEVIN M. HANRATTY, ESQ.                       DANIEL CRUPAIN, ESQ.
13 | 1815 Village Center Circle, Ste. 140          225 Broadway
   | Las Vegas, Nevada 89134                       New York, New York 10007
14 | Attorney for Plaintiff
15 |
16 | DATED this 10th day of October, 2012.
17 | JENNINGS, HAUG & CUNNINGHAM, LLP
18 |
19 | _____
   | ELAN S. MIZRAHI, ESQ.
20 | 2800 North Central Ave., suite 1800
   | Phoenix, Arizona 85004-1049
21 | Attorney for American Legal Funding, LLC
   | and ALFund Prime, LLC
22 |
```

10

IT IS SO ORDERED.

**ORDER**

_____
HONORABLE CAM FERENBACH

DATED: 10-15-2012

FORM ATTACHMENT "A"

**CONFIDENTIALITY AGREEMENT**

I, _____, do hereby acknowledge and agree as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order of which the form of this agreement is an attachment.

2. I understand the terms of the Stipulated Confidentiality Agreement and Protective Order and agree to be bound and to strictly adhere to all terms and provisions of the Stipulated Confidentiality Agreement and Protective Order.

3. I hereby submit to the jurisdiction of the Court in which this matter is ultimately heard, solely for the purpose of enforcement of the Stipulated Confidentiality Agreement and Protective Order and this Agreement.

Dated this _____ day of _____, 20___.

_____