# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\*\*\***

| | |
|---|---|
| GRO EILSABET SILLE, | 2:07-cv-00901-KJD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| PARBALL CORPORATION, *et al.,* | [Stipulated Case Management Plan (#213)] |
| Defendants. | |

Before the Court is the parties' Stipulated Case Management Plan (#213).

**Background**

Plaintiff filed her complaint on July 6, 2007, against The Flamingo Las Vegas Hotel and Casino and Harrahs Entertainment, Inc. relating to an incident that occurred on defendants' premises. (#1-2). Plaintiff sought $25,000,000.00 in damages. *Id.* Plaintiff filed an amended complaint on August 15, 2007, adding Parball Corporation (hereinafter "Parball") as a defendant and removing parties. (#15). A settlement conference was held on July 17, 2011 (#172), and the parties reached a settlement (#173). On August 5, 2011, the court granted the parties' joint request for additional time to submit settlement documents, and permitted the parties until August 17, 2011, to file appropriate requests to implead the settlement funds and serve notice on the lien claimants. (#179). The reason for the extension was that "a number of liens [had] been asserted on the settlement proceeds, including an attorney's lien," and that in light of the liens, plaintiff's counsel was "preparing a request to implead the settlement funds into the Court...so that the Court can determine the distribution of the settlement funds." *Id.*

On August 18, 2011, the Court granted the parties' request for an additional four-week extension to file the stipulation for dismissal, to request to interplead the settlement funds, and to serve notice on the lien claimants. (#181).   On September 14, 2011, Defendant Parball filed a Motion for Leave to Amend Its Amended Answer to Include a Counterclaim and Third Party Complaint for Interpleader Relief. (#182).  Parball asserts in the motion that "the parties have agreed to settle all outstanding claims with prejudice," but that "Sille and her counsel have not resolved outstanding liens brought by six known parties claiming liens on the settlement proceeds." *Id.*

The lien claimants are:

1. Daniel Crupain, Esq. - former attorney for Sille

2. Hofland, Beasley & Galliher - former law firm for Sille

3. American Legal Funding, LLC - claims a lien on plaintiff's counsel Stephen Chakwin

4. ALFund Prime, LLC- claims lien on plaintiff's counsel Stephen Chakwin

5. Litigation Support Services c/o James L. Griggs

6. Preferred Capital Lending, Inc.- lawsuit loan company claiming a lien against any settlement proceeds that may arise against plaintiff's counsel Stephen Chakwin.

On September 20, 2011, plaintiff filed a Declaration in Response to Motion to Amend Pleading. (#184).  Plaintiff argues that the Motion to Amend (#182) does not include all parties who may have an interest in the settlement proceeds and raises the question of whether the court has jurisdiction over some of the named parties, as certain funding companies and health care providers do not have a corporate presence in Nevada. *Id.*  Plaintiff asserted that on August 29, 2011, a predecessor attorney for the Plaintiff filed a claim in New York, seeking to assert a charging lien on the proceeds of the action. *Id.*  Plaintiff's counsel asserted that he intends to assert an interpleader as a counterclaim or third party claim in the New York proceeding that will join all the parties who have an interest in the settlement proceeds. *Id.*

1    On September 29, 2011, Defendant Parball filed the Reply in Support of its Motion for Leave to

2 Amend its Amended Answer to Include a Counterclaim and Third Party Complaint for Interpleader

3 Relief.  (#186).  Defendant asserts that Plaintiff has not filed any papers seeking interpleader relief in the

4 New York case.  *Id.*  Parball asserts that it has learned of 5 additional lien holders:

5    1. Sheldon J. Tashman

6    2. Rejuvenation Plus, Inc.

7    3. CaseCash

8    4. Lawsuit Financial Corp.

9    5. Pre-Settlement Solutions

10    On September 30, 2011, Judge Dawson entered an order denying Defendant's Motion (#182) on

11 the grounds of jurisdiction, stating that the court is "not certain where the parties will be litigating

12 entitlement to the settlement proceeds since Plaintiff has indicated a desire to litigate the issue in New

13 York state court."  (#187).  The court ordered defendant to "deposit the settlement funds with the Clerk

14 of the Court pending the commencement of the action to determine distribution of the funds."  *Id.*  On

15 November 18, 2011, Defendant deposited $575,000 to the Court.  (#192).  On November 29, 2011, the

16 Court granted the Stipulation and Order for Dismissal with Prejudice. (#194).

17    On December 1, 2011, ALFund Prime LLC addressed a letter to Judge Dawson stating that they

18 have a security interest in the proceeds of the attorney fees portion of the case from attorney Stephen

19 Chakwin.  (#195).  On December 8, 2011, Mr. Chakwin filed a letter responding to ALFund's letter

20 dated December 1, 2011, asserting that he has filed a motion in the New York action to join all relevant

21 parties, including ALF.  (#196).  On February 22, 2012, American Legal Funding, LLC and ALFund

22 Prime LLC (hereinafter "Intervenor Plaintiffs") filed a Motion to Intervene.  (#197).  On March 12,

23 2012, plaintiff filed a response to the Motion to Intervene, stating that plaintiff considers the application

24 to be premature, but that plaintiff consents to the intervention motion to a limited extent. (#198).

25

1    On March 15, 2012, Preferred Capital Lending of Nevada, LLC filed a Motion to Intervene.

2    (#199).  On March 21, 2012, Intervenor Plaintiffs filed a reply in support of their motion to intervene

3    (#197), asserting that the court should grant the motion.  (#200).  On the same day, Intervenor Plaintiffs

4    also filed a response to Preferred Capital's motion to intervene (#199), stating that they take no position

5    as to whether the court should permit Preferred Capital to intervene. (#201).   On March 30, 2012,

6    Preferred Capital filed a reply, stating that no party has challenged its motion to intervene and that while

7    the Intervenor Plaintiffs may have a similar lien, Preferred Capital should not be precluded from

8    intervening solely on that basis.  (#202).  Plaintiff filed an opposition to Preferred Capital's motion to

9    intervene (#199), objecting to the proposed intervention on the basis that (1) Preferred Capital's

10   "attempt to recover on the loan it made to [plaintiff's counsel] bears no relationship to the claims in this

11   action by Plaintiff to recover for personal injuries," and (2) Preferred Capital has a third lien, and there

12   "simply will not be any money left for [Preferred Capital] after the other attorneys who represented

13   Plaintiff and the two senior lienors are paid."  (#203).

14   On August 16, 2012, the action was reassigned to the undersigned for all further proceedings.

15   (#204).  On August 29, 2012, the court scheduled a status conference regarding the pending motions to

16   intervene (#197 and #199).  (#205).  The Status Conference  was held on September 21, 2012.

17   On October 3, 2012, the Court received a fax from Mr. Ronald Minkoff to correct a statement he

18   made at the September 21, 2012 status hearing regarding no liens on Plaintiff Sille's settlement

19   proceeds.  Mr. Minkoff believes that Plaintiff Sille has borrowed from at least four funding companies-

20   Lawsuit Financial Group, Del Borello & Lombardo Lenders, LLC, BridgerFunds, LLC and Pre-

21   Settlement Solutions, Inc.  He also indicated that there may be additional outstanding liens from Alpha

22   3T MRI & Diagnostic Imaging and Rejuvenation Plus Spa for Plaintiff's medical services. (#215).

23   On Friday afternoon, October 5, 2012, Plaintiff Gro Elisabeth Sille's counsel, Kevin M.

24   Hanratty, faxed to chambers a letter stating that the parties are requesting an additional seven (7) days,

25

1    from the October 5, 2012 deadline, to comply with the Court's Order on the Motions to Intervene

2    (#209).  Mr. Hanratty stated in his fax that the parties conducted a conference call on October 5, 2012

3    and the parties had numerous changes to the items that were due on October 5, 2012 as listed on the

4    Court's Order (#209).  The Court granted the parties request for an extension to comply with the Order

5    of September 21, 2012 (#209).  (#211).

6        The parties filed a Stipulated Case Management Plan on October 12, 2012 (#213).

7        On October 15, 2012, the Court approved the Stipulated Confidentiality Agreement and

8    Protective Order (#212). (#214).

9    **<u>Discussion</u>**

10       The Court acknowledges Mr. Minkoff's corrections as stated in his letter dated October 3, 2012.

11   (#215).  Upon review of the Stipulated Case Management Plan (#213) filed on October 12, 2012, and

12   Good Cause Appearing,

13       IT IS HEREBY ORDERED as follows:

14       1. Attorney Hanratty, Chakwin and Crupain, within 15 days of this Court's approval of this Order

15   will each file a certification identifying any and all individuals or entities, other than those named herein,

16   (with names, addresses, and any other known contact information) that they know to claim an interest in

17   the settlement funds that have been interplead to this Court. To the extent any of the three attorneys are

18   unaware of any interested parties, he shall so certify within the time frame set forth in this paragraph.

19       2. Within 60 days of this Order, counsel for American Legal Funding, LLC will send the notices

20   via certified mail, return receipt requested, to all interested individuals identified in paragraph 1 above at

21   the addresses provided in the certifications.

22       3.  The Court will not order the disbursement of any monies from the Settlement Proceeds at this

23   time and set a "proof of claim" deadline of April 15, 2013 whereby any and all interested parties must

24

25

assert their interest in the settlement funds in the form included in Exhibit "A" hereto, after which time any and all claims to the interplead funds being held by this Court shall be barred.

4.   A Status Conference will be scheduled after the April 15, 2013 proof of claim deadline in order to set forth an abbreviated discovery schedule of no more than 60 days and to set an evidentiary hearing thereafter in order to adjudicate the distribution of the interpleader funds being held by this Court.

5.   On or before April 5, 2013, counsel for American Legal Funding, LLC will file and serve a statement of actual costs expended, not professional fees or salaries, in sending notices in accordance with paragraph 2 of this order.  Any parties objecting to reimbursement of costs requested by American Lending Funding, LLC, from funds on deposit with the Court, must file and serve a written objection on or before April 12, 2013.

DATED this 18th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

# EXHIBIT "A"

1

2

**UNITED STATES DISTRICT COURT**

3

**DISTRICT OF NEVADA**

4

5

GRO ELISABET SILLE,

Case No.: 2:07-cv-00901-KJD-VCF

Plaintiff,

**NOTICE TO INTERESTED PARTIES CLAIMING INTEREST IN SETTLEMENT PROCEEDS**

6

7

vs.

8

PARBALL CORPORATION, et al.,

Defendants.

9

10

11

    The United States District Court for the District of Nevada in Case No. 2:07-cv-00901-

12

KJD-VCF believes that you may have an interest in the above referenced matter.  This

13

Notice is being provided in this matter to allow you to notify this Court of your interest in

14

the above referenced matter.  Attached hereto is a "Proof Of Claim" that must be filed

15

should you claim an interest in the Settlement Proceeds in this action.  Furthermore, the

16

attached "Proof of Claim" **must** be filed with the Court **on or before April 15, 2013.**  Failure

17

to file this "Proof Of Claim" on or before April 15, 2013 will result in denial and rejection of

18

any and all claims to such Settlement Proceeds by the Court.

    Dated this __18th__ day of October, 2012.

19

20

_____

United States Magistrate Judge

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GRO EILSABET SILLE

     Plaintiff,

v.

PARBALL CORPORATION, *et al.*,

     Defendants.

_____

AND ALL RELATED MATTERS

_____

CASE NO.: 2:07-CV-00901-KJD-VCF

**PROOF OF CLAIM**

**Name of Debtor:**

_____

_____

_____

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):

_____

_____

_____

**Name and address where notices should be sent**:_____

_____

_____

**Telephone number**:_____      **email**:_____

**Name and address where payment should be sent** (if different from above):

_____

_____

_____

**Telephone number**:_____      **email**:_____

1.  **Amount of Claim as of Date Case Filed**:       $_____

2.  **Basis for Claim**: _____
    (*See instruction # 2*)

3.  **Last four digits of any number by which creditor identifies debtor**:_____

4.  **Annual Interest Rate**_____**%** ❏ Fixed   or  ❏ Variable

5.  **Is the claim secured?** ❏ Yes    ❏ No

6.  **Is the claim perfected?** ❏ Yes    ❏ No

    If yes, state where the claim is perfected and method of perfection: _____

    _____

    _____

7.      **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "**redacted**".)*

    DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

    If the documents are not available, please explain:_____

    _____

    _____

8.      **Signature:**
    (*See instruction #8*)

    Check the appropriate box.

❏ I am the creditor.      ❏ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

❏ I am the trustee, or the debtor, or their authorized agent.   ❏ I am a guarantor, surety, indorser, or other codebtor.

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:_____
Title: Company:_____
Address and telephone number (if different from notice address above):_____

_____

_____

(Signature) _____        (Date) _____

Telephone number: _____        email: _____

**INSTRUCTIONS FOR
PROOF OF CLAIM
FORM**

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the case was filed (for example, District of Nevada), the debtor's full name, and the case number. If the creditor received a notice of the case from the court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and
address of the person who should receive notices issued during the case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.

**1.  Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on October 12, 2012.
Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2.  Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold,
money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3.  Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**7.  Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8.  Date and Signature:**
The individual completing this proof of claim must sign and date it.  If  you  sign  this  form,  you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Whether  the  claim  is  filed  electronically  or  in  person,  if  your  name  is  on  the  signature  line,  you  are  responsible  for  the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company.