# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GRO ELISABET SILLE,      Plaintiff, vs. PARBALL CORPORATION,      Defendant. | 2:07-cv-00901-KJD-VCF  **ORDER**  **(Motions to Reconsider Order #210)** |

Before the court is attorney Daniel Crupain's Motion To Reconsider Order. (#210). Intervener Preferred Capital Lending of Nevada, LLC (hereinafter "Preferred Capital") filed an Opposition. (#217). Mr. Crupain did not file a Reply.

**Motion To Reconsider**

    **A.**    **Background**

Plaintiff Sille filed her complaint on July 6, 2007, against The Flamingo Las Vegas Hotel and Casino and Harrahs Entertainment, Inc. relating to an incident that occurred on defendants' premises. (#1-2). Plaintiff sought $25,000,000.00 in damages. *Id.* Plaintiff filed an amended complaint on August 15, 2007, adding Parball Corporation (hereinafter "Parball") as a defendant and removing other parties. (#15). A settlement conference was held on July 17, 2011 (#172), and the parties reached a settlement (#173). On August 5, 2011, the court granted the parties' joint request for additional time to submit settlement documents, and permitted the parties until August 17, 2011, to file appropriate requests to implead the settlement funds and serve notice on the lien claimants. (#179). The reason for the extension was that "a number of liens [had] been asserted on the settlement proceeds, including an

attorney's lien," and that in light of the liens, plaintiff's counsel was "preparing a request to implead the settlement funds into the [c]ourt...so that the [c]ourt can determine the distribution of the settlement funds." *Id.*

On August 18, 2011, the court granted the parties' request for an additional four-week extension to file the stip for dismissal, to request to interplead the settlement funds, and to serve notice on the lien claimants. (#181).  On September 14, 2011, defendant Parball filed a motion for leave to amend its amended answer to include a counterclaim and third party complaint for interpleader relief.  (#182). Parball asserted in the motion that "the parties have agreed to settle all outstanding claims with prejudice," but that "Sille and her counsel have not resolved outstanding liens brought by six known parties claiming liens on the settlement proceeds." *Id.*

On September 20, 2011, plaintiff filed a declaration in response to the motion to amend pleading. (#184).  Plaintiff argued that the motion to amend (#182) does not include all parties who may have an interest in the settlement proceeds and raises the question of whether the court has jurisdiction over some of the named parties, as certain funding companies and health care providers do not have a corporate presence in Nevada. *Id.*  Plaintiff asserted that on August 29, 2011, a predecessor attorney for the plaintiff filed a claim in New York, seeking to assert a charging lien on the proceeds of the action. *Id.*  Plaintiff's counsel asserted that he intends to assert an interpleader as a counterclaim or third party claim in the New York proceeding that will join all the parties who have an interest in the settlement proceeds. *Id.*

On September 29, 2011, defendant Parball filed a reply in support of its motion for leave to amend its amended answer.  (#186).  Defendant asserted that plaintiff had not filed any papers seeking interpleader relief in the New York case, and that it had learned of five additional lien holders. *Id.*

On September 30, 2011, the Honorable Judge Dawson entered an order denying defendant's motion (#182) on the grounds of jurisdiction, stating that the court is "not certain where the parties will

be litigating entitlement to the settlement proceeds since [p]laintiff has indicated a desire to litigate the issue in New York state court." (#187). The court ordered defendant to "deposit the settlement funds with the Clerk of the Court pending the commencement of the action to determine distribution of the funds." *Id.* On November 18, 2011, Defendant deposited the settlement funds with the Court. (#192). On November 29, 2011, the Court granted the stipulation and order for dismissal with prejudice. (#194).

On December 1, 2011, ALFund Prime LLC (hereinafter "ALF") addressed a letter to Judge Dawson stating that they have a security interest in the proceeds of the attorney fees portion of the case from attorney Stephen Chakwin. (#195). On December 8, 2011, Mr. Chakwin filed a letter responding to ALF's letter dated December 1, 2011, asserting that he has filed a motion in the New York action to join all relevant parties, including ALF. (#196).

On February 22, 2012, ALF filed the motion to intervene. (#197). On March 12, 2012, plaintiff filed a response to the motion to intervene, stating that plaintiff considers the application to be premature, but that plaintiff consents to the intervention motion to a limited extent. (#198). On March 15, 2012, Preferred Capital filed a Motion to Intervene. (#199). On March 21, 2012, ALF filed a reply in support of their motion to intervene (#197), asserting that the court should grant the motion. (#200). On the same day, ALF also filed a response to Preferred Capital's motion to intervene (#199), stating that they take no position as to whether the court should permit Preferred Capital to intervene. (#201). On March 30, 2012, Preferred Capital filed a reply, stating that no party has challenged its motion to intervene and that while ALF may have a similar lien, Preferred Capital should not be precluded from intervening solely on that basis. (#202).

Plaintiff filed an opposition to Preferred Capital's motion to intervene (#199), objecting to the proposed intervention on the basis that (1) Preferred Capital's "attempt to recover on the loan it made to [plaintiff's counsel] bears no relationship to the claims in this action by Plaintiff to recover for personal injuries," and (2) Preferred Capital has a third lien, and their "simply will not be any money left for

[Preferred Capital] after the other attorneys who represented Plaintiff and the two senior lienors are paid." (#203).

On August 16, 2012, the action was reassigned to the undersigned Magistrate Judge for all further proceedings (#204), and Judge Dawson referred the pending motions to intervene (#197 and #199) to the undersigned. On August 29, 2012, the court scheduled a status conference regarding the pending motions to intervene (#197 and #199). (#205). The court held the status conference on September 21, 2012, at 11:00 a.m. After discussing the issues relating to the pending motions to intervene (#197 and #199), including the court's jurisdiction, the court issued an order granting the motions (#197 and #199). (#209). The court ordered, among other things, that "on or before October 5, 2012, the parties must: (1) submit to the court an agreed upon maximum amount of attorneys' fees that should remain deposited with the court until resolution of the lien dispute." *Id.* The instant motion to reconsider was filed on October 3, 2012. (#210).

**B.      Arguments**

Mr. Crupain asks this court to reconsider its order (#209), "in so far as it conflicts with the purposes and proceeding of the action pending in the Supreme Court of the State of New York (hereinafter "New York Action") and with the contract of the parties "fixing the forum for the litigation of the issues of the apportionment of attorney's fees in the State of New York." (#210). Mr. Crupain asserts that the New York Action was filed on August 29, 2011, for the apportionment of the attorney's lien of attorney Daniel Crupain and is based on Section 475 Judiciary Laws of the State of New York and on the contract between the parties (#210 Exhibit B)(hereinafter "Contract"). *Id.* Mr. Crupain asserts that the Contract "entered into by and between plaintiff and her counsel and prior counsel Daniel Crupain in June of 2008...established the attorney's lien of Daniel Crupain, and provided that it would be based on a percentage of the gross recover which would be determined by the Courts of New York State in the event the lawyers could not agree on the amount." *Id.*

The Contract states that "[t]he amount of the lien shall be determined at the conclusion of the case by agreement or legal proceedings. In the event of legal proceedings to determine the amount of the lien, jurisdiction shall be in the State of New York, and New York law shall apply." (#210 Exhibit B). Mr. Crupain argues that this is a "forum fixing" clause, and that due to the choice of law language, the court should "permit the New York Action to proceed to culmination." (#210). Mr. Crupain also asserts that since it "is anticipated that" the New York Action will reach trial very soon, the court should reconsider its order (#209) and permit the parties in "the New York Action to finish." *Id.*

Intervener Preferred Capital asserts that the court's order (#209) is proper and that the court should deny the motion (#210), as "the dispute currently before the [c]ourt involves claims as to monies owed by [p]laintiff's counsel, [Chakwin] to various parties, including Preferred Capital, under various independent agreements," and the New York Action involves "a dispute regarding the amount of attorney fees that certain attorneys are entitled to as the result of an attorney's lien." (#217). Preferred Capital argues that the "[c]ourt's [o]rder does not conflict with the ...[C]ontract or the pending New York action because the Intervener actions are not concerned with Chakwin's share of attorney's fees as opposed to Crupain's share of attorney's fees." *Id.*

Preferred Capital also asserts that it and other lender-interveners "were not and are not parties to the June 2008 agreement, and cannot and should not be bound by any "forum-fixing" or jurisdictional clauses contained in those contracts." *Id.* Preferred Capital argues that Nevada is an appropriate forum, as (1) it and ALF "have claims that arise out of contracts entered into in Nevada and funds disbursed in Nevada," (2) "Chakwin availed himself of the State of Nevada and obtained large sums of money in the form of loans for his involvement in a personal injury claim that occurred in Nevada," (3) "Chakwin signed promissory notes indicating that the repayment of these loans was premised on the underlying case settling," and (4) Nevada is central to these disputes. *Id.*

C.  **Discussion**

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, or (6) any other reason that justifies relief." Federal Rule of Civil Procedure 60(b).

The court finds that reconsidering its order (#209) is not appropriate.  There was no mistake, inadvertence, surprise, or excusable neglect relating to the court's order (#209), and Mr. Crupain did not present the court with any newly discovered evidence.  *Id.*  The court was aware of the New York Action and considered it when making its ruling and issuing its order (#209)[1].  The Contract referred to by Mr. Crupain was admittedly between plaintiff and her counsel only and did not involve the intervening parties here.  (#210 Exhibit B).  Any clause in that Contract applies only to disputes regarding the amount of attorney fees that certain attorneys are entitled to as the result of the attorney's liens, *i.e.* the New York Action, and *not* to the dispute before this court, which involves claims as to monies owed by Mr. Chakwin to various parties under *other* agreements.  *See May v. Anderson*, 121 Nev. 668, 119 P.3d 1254 (2005)(An enforceable contract requires an offer and acceptance, a meeting of the minds, and consideration).

---

[1] The court specifically mentioned the New York action several times: "Plaintiff asserted that on August 29, 2011, a predecessor attorney for the plaintiff filed a claim in New York, seeking to assert a charging lien on the proceeds of the action. *Id.* Plaintiff's counsel asserted that he intends to assert an interpleader as a counterclaim or third party claim in the New York proceeding that will join all the parties who have an interest in the settlement proceeds. *Id.*" "Defendant asserted that plaintiff had not filed any papers seeking interpleader relief in the New York case, and that it had learned of five additional lien holders. *Id.*" "On September 30, 2011, the Honorable Judge Dawson entered an order denying defendant's motion (#182) on the grounds of jurisdiction, stating that the court is "not certain where the parties will be litigating entitlement to the settlement proceeds since [p]laintiff has indicated a desire to litigate the issue in New York state court." (#187)." "On December 8, 2011, Mr. Chakwin filed a letter responding to ALFund's letter dated December 1, 2011, asserting that he has filed a motion in the New York action to join all relevant parties, including ALF. (#196)." (#209).

The court also finds that the clause in the Contract stating that "jurisdiction shall be in the State of New York, and New York law shall apply," does not create *exclusive* jurisdiction in New York and is not a forum fixing clause.  *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 618 (N.D. Cal. 2002)("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."); *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir.1995).  Nevada has an interest in the dispute before this court, as the underlying action was before this court, the settlement funds were deposited with the court (#192), and all parties to this dispute availed themselves to this state.

Mr. Crupain has not argued that reconsideration is appropriate under Rule 60(b) due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," the judgment being void, or the judgment being satisfied, released or discharged; being "based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." (#210).  Mr. Crupain's request for reconsideration is based solely on a contract that does not govern the parties nor the dispute before this court and contains a provision that is not a "forum fixing" clause.  *Id; May*, 121 Nev. 668, 119 P.3d 1254; *Northern Cal. Dist. Council of Laborers*, 69 F.3d at 1037.  The court finds that Mr. Crupain has not presented the court with "any other reason that justifies [the] relief" sought.  Fed. R. Civ. P. 60(b).

Accordingly and for good cause shown,

IT IS ORDERED that attorney Daniel Crupain's Motion To Reconsider Order (#210) is DENIED.

DATED this 7th day of November, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE