# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| GRO ELISABET SILLE, | 2:07-cv-00901-KJD-VCF |
| Plaintiff, | **ORDER** |
| vs. | **(Motion for Discovery and Evidentiary Hearing #247 and Amended Motion for Discovery and Evidentiary Hearing #248)** |
| PARBALL CORPORATION, | |
| Defendant. | |

Before the Court are Lien Claimant BridgeFunds, LLC's (hereinafter "BridgeFunds") Motion for Discovery and Evidentiary Hearing (#247) and Amended Motion for Discovery and Evidentiary Hearing (#248). Plaintiff Sille filed a limited Opposition to the Motion (#250) and Non-Party Stephen Chakwin filed an Opposition to the Motion (#251). Bridgefunds filed a Reply (#252).

**I.    Background**

Plaintiff Sille filed her complaint on July 6, 2007, against The Flamingo Las Vegas Hotel and Casino and Harrahs Entertainment, Inc. relating to an incident that occurred on defendants' premises. (#1-2). Plaintiff sought $25,000,000.00 in damages. *Id.* Plaintiff filed an amended complaint on August 15, 2007, adding Parball Corporation (hereinafter "Parball") as a defendant and removing other parties. (#15). A settlement conference was held on July 17, 2011 (#172), and the parties reached a settlement (#173). On August 5, 2011, the court granted the parties' joint request for additional time to submit settlement documents, and permitted the parties until August 17, 2011, to file appropriate requests to implead the settlement funds and serve notice on the lien claimants. (#179). The reason for the extension was that "a number of liens [had] been asserted on the settlement proceeds, including an

attorney's lien," and that in light of the liens, plaintiff's counsel was "preparing a request to implead the settlement funds into the [c]ourt...so that the [c]ourt can determine the distribution of the settlement funds." *Id.*

On August 18, 2011, the court granted the parties' request for an additional four-week extension to file the stip for dismissal, to request to interplead the settlement funds, and to serve notice on the lien claimants. (#181).  On September 14, 2011, defendant Parball filed a motion for leave to amend its amended answer to include a counterclaim and third party complaint for interpleader relief.  (#182). Parball asserted in the motion that "the parties have agreed to settle all outstanding claims with prejudice," but that "Sille and her counsel have not resolved outstanding liens brought by six known parties claiming liens on the settlement proceeds." *Id.*

On September 20, 2011, plaintiff filed a declaration in response to the motion to amend pleading.  (#184).  Plaintiff argued that the motion to amend (#182) does not include all parties who may have an interest in the settlement proceeds and raises the question of whether the court has jurisdiction over some of the named parties, as certain funding companies and health care providers do not have a corporate presence in Nevada.  *Id.*  Plaintiff asserted that on August 29, 2011, a predecessor attorney for the plaintiff filed a claim in New York, seeking to assert a charging lien on the proceeds of the action.  *Id.*  Plaintiff's counsel asserted that he intends to assert an interpleader as a counterclaim or third party claim in the New York proceeding that will join all the parties who have an interest in the settlement proceeds.  *Id.*

On September 29, 2011, defendant Parball filed the reply in support of its motion for leave to amend its amended answer.  (#186).  Defendant asserted that plaintiff had not filed any papers seeking interpleader relief in the New York case, and that it had learned of five additional lien holders.  *Id.*

On September 30, 2011, the Honorable Judge Dawson entered an order denying defendant's motion (#182) on the grounds of jurisdiction, stating that the court is "not certain where the parties will

be litigating entitlement to the settlement proceeds since [p]laintiff has indicated a desire to litigate the issue in New York state court." (#187). The court ordered defendant to "deposit the settlement funds with the Clerk of the Court pending the commencement of the action to determine distribution of the funds." *Id.* On November 18, 2011, Defendant deposited $575,000 with the Court. (#192). On November 29, 2011, the Court granted the stipulation and order for dismissal with prejudice. (#194).

On December 1, 2011, ALFund Prime LLC addressed a letter to Judge Dawson stating that they have a security interest in the proceeds of the attorney fees portion of the case from attorney Stephen Chakwin. (#195). On December 8, 2011, Mr. Chakwin filed a letter responding to ALFund's letter dated December 1, 2011, asserting that he has filed a motion in the New York action to join all relevant parties, including ALF. (#196).

On February 22, 2012, ALF filed a motion to intervene. (#197). On March 12, 2012, plaintiff filed a response to the motion to intervene, stating that plaintiff considers the application to be premature, but that plaintiff consents to the intervention motion to a limited extent. (#198). On March 15, 2012, Preferred Capital Lending of Nevada, LLC filed a Motion to Intervene. (#199). On March 21, 2012, ALF filed a reply in support of their motion to intervene (#197), asserting that the court should grant the motion. (#200). On the same day, ALF also filed a response to Preferred Capital's motion to intervene (#199), stating that they take no position as to whether the court should permit Preferred Capital to intervene. (#201). On March 30, 2012, Preferred Capital filed a reply, stating that no party has challenged its motion to intervene and that while ALF may have a similar lien, Preferred Capital should not be precluded from intervening solely on that basis. (#202).

Plaintiff filed an opposition to Preferred Capital's motion to intervene (#199), objecting to the proposed intervention on the basis that (1) Preferred Capital's "attempt to recover on the loan it made to [plaintiff's counsel] bears no relationship to the claims in this action by Plaintiff to recover for personal injuries," and (2) Preferred Capital has a third lien, and their "simply will not be any money left for

[Preferred Capital] after the other attorneys who represented Plaintiff and the two senior lienors are paid." (#203).

On August 16, 2012, the action was reassigned to the undersigned Magistrate Judge for all further proceedings (#204), and Judge Dawson referred the pending motions to intervene (#197 and #199) to the undersigned.  On August 29, 2012, the court scheduled a status conference regarding the pending motions to intervene (#197 and #199).  (#205).  The court held the status conference on September 21, 2012, at 11:00 a.m.  After discussing the issues relating to the pending motions to intervene (#197 and #199), including the court's jurisdiction, the court granted the motions (#197 and #199).  (#209)

On October 12, 2012, Intervenor Preferred Capital Lending of Nevada, LLC filed a Stipulated Confidentiality Agreement.  (#212).  On the same day, Intervenor Plaintiffs ALFund Prime LLC, American Legal Funding, LLC. Filed a Stipulated Case Management Plan.  (#213).  On October 15, 2012, the Court granted the Stipulated Confidentiality Agreement (#212) as modified by the Court in its Order.  (#214).  On October 18, the Court granted the Stipulated Case Management Plan (#213), and ordered that within 15 days of the Court's approval of the Order (#216), Attorneys Hanratty, Chakwin and Crupain would each file a certification identifying any and all individuals or entities that they know to claim an interest in the settlement funds that have been interplead to this Court, and within 60 days of the Order (#216), counsel for American Legal Funding, LLC will send the notices via certified mail, return receipt requested, to all interested individuals identified in the Order (#216).  (#216).  On December 18, 2012, Intervenor Plaintiffs ALFund Prime LLC, American Legal Funding, LLC filed an Accelerated Motion for Leave to Send Notices.  (#227).  The Court granted the Motion (#227) on the same day.  (#229).

Between January 4, 2013, and April 15, 2013, PreSettlement Solutions, LLC, Preferred Capital Lending of Nevada, LLC, Creditor Lawsuit Financial Corporation, Martin R. Garfield, Defendant

BridgeFunds, LLC, Del Borrello & Lombardo Lawsuit Lenders, Creditor Lawsuit Financial Corporation, Creditor JoAnne Asher, Daniel Crupain, ALFund Prime LLC, American Legal Funding, LLC, Case Cash PFC, Kevin M. Hanratty, Esq., and Stephen D. Chakwin, Esq. filed their Notices of Proof of Claims. *See* (## 230-244). On April 17, 2013, Plaintiff Sille Objected to PreSettlement Solutions, LLC's Notice of Proof of Claims (#230), BridgeFunds's Notice of Proof of Claims (#233), and Lawsuit Financial Corp.'s Notice of Proof of Claims (#236), alleging that the initials and signatures contained within these three documents are forgeries and not Plaintiff's actual signatures or initials. (#245). On April 30, 2013, BridgeFunds filed a Response to Consol Plaintiff Hanratty's Objection (#245), arguing that "If Sille or other claimants are required to be reimbursed for moneys lost due to alleged forgeries, such claims should be pursued against Sille's attorneys at the time of the forgeries. . . not against BridgeFunds, whose claim was based on a good faith purchase." (#246). BridgeFunds also states in its Response (#246) that "it will be necessary for the parties to conduct discovery to ascertain who received the purchase proceeds and who executed the purchase agreements." *Id.*

On May 21, 2013, BridgeFunds filed a Motion for Discovery and Evidentiary Hearing. (#247). On May 22, 2013, BridgeFunds filed the present Amended Motion for Discovery and Evidentiary Hearing. (#248). On June 3, 2013, the Court set a hearing to address BridgeFunds' Motions (## 247-48) for July 9, 2013. (#249). On the same day, Plaintiff Sille filed a Response to BridgeFunds' Motions (##247-48). (#250). On June 5, 2013, Interested Party Stephen Chakwin filed a Response to BridgeFunds' Motion (#248). On June 14, 2013, BridgeFunds filed a Reply to Stephen Chakwin's Opposition to the Amended Motion (#248). (#252).

**II.     Motion for Discovery and Evidentiary Hearing**

    **A.     BridgeFunds' Arguments**

BridgeFunds argues that "[d]iscovery is needed. . . to determine whether Plaintiff's attorney engaged in fraud and forgery. . . and to trace the loan proceeds." (#248). BridgeFunds requests that,

should the Court grant this discovery order, it should "order that both Gro E. Sille and attorney Stephen D. Chakwin must travel to Las Vegas, Nevada for their depositions to be conducted, without the necessity of issuing subpoenas from the court in New York" because Plaintiff and Chakwin "are both subject to this Court's jurisdiction." *Id*. BridgeFunds supports its assertion that Chakwin is subject to the Court's jurisdiction by citing Local Rule 10-2, which "provides that any attorney who submits a petition to practice before this Court in a particular case, certifies that he 'shall be subject to the jurisdiction of the Court of this State.'" *Id*.; *see* LR 10-2.

BridgeFunds asserts that, "in an interpleader action, persons having claims against the proceeds, can be joined as defendants and be required to interplead," and that in the present action, "the lien claimants. . . occupy the same or similar position of defendants asserting adverse claims against the settlement fund that has been deposited with the court." (#252). BridgeFunds states that, "by filing his lien claim and proof of claim form" in the present action, and by appearing "as counsel of record for the Plaintiff," Chakwin "has previously made a general appearance in these proceedings" and cannot now "claim that the court has no jurisdiction over him in the interpleader portion of the underlying action and that he has no duty or obligation to cooperate in discovery or be deposed." *Id*. BridgeFunds recognizes that "in all likelihood," Chakwin will "not answer any questions [during a deposition] and claim the Fifth Amendment privilege against testifying," and therefore requests that the Court order Chakwin's deposition to "be taken telephonically or via Skype" so as to "avoid the potential of all attorneys flying to New York for a one minute deposition." *Id*.

### B. Plaintiff's Limited Opposition

Plaintiff requests that the Court deny BridgeFunds' "request for discovery and specifically the request for Plaintiff [Sille] to travel to Las Vegas when Plaintiff can appear via Skype for any matter before the Court." (#250). Plaintiff states that she is unable "to travel out of her home country of Norway" because of her "significant medical issues related to the injuries sustained in this personal

injury accident" and "dire financial situation caused by this litigation." *Id*. Plaintiff further contends that "Hanratty Law Group has made no such claim or allegation against Plaintiff's former New York Counsel," but only that "the signatures on the loan agreements are not Plaintiff's signature" and that "Plaintiff does not know who signed the loan documents with. . . BridgeFunds" and did not "receive any of the funds from such loans in this matter." *Id*.

### C.     Chakwin's Opposition

Chakwin argues that the Court "should not compel Mr. Chakwin to appear in Nevada, but should instead require that his deposition proceed, if at all, either in person in New York, or else via telephone or video conference." (#251). Chakwin states that an order compelling him to return to Nevada to be deposed would be tantamount to a subpoena, and that under Rule 45 of the Federal Rules of Civil Procedure, a subpoena must be quashed if it requires a non-party "to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." *Id*.; *see* FED. R. CIV. P. 45. Chakwin contests BridgeFunds' argument that "because Mr. Chakwin is subject to the Court's jurisdiction, he may be compelled to attend a deposition in Las Vegas, Nevada without the need for a subpoena," countering that there is "no authority in support of this proposition, nor can it," because it is "flatly contradicted by the plain wording of Rule 45." *Id*. Chakwin further argues that he is not "akin to a party" to the present action because "[a] party's attorney is not himself a party to the action."

Chakwin thus requests that the Court allow a telephonic or video appearance in lieu of being compelled to attend a deposition in Las Vegas, and that the discovery schedule should be set "such that document discovery must conclude before any party may subpoena Mr. Chakwin for deposition" so that he may "be afforded time to collect and review relevant documents before responding to subpoenas in his deposition," and so that "the interested parties will be in the best position to conduct an informed and targeted inquiry at any necessary depositions." *Id*.

. . .

**D.     Discussion**

The Court agrees with BridgeFunds that there is ample need for the parties to conduct discovery on the newly raised issues presented by the potentially fraudulent or forged loan agreement signatures. Because BridgeFunds and Chakwin have separately requested that if discovery is granted, the Court should allow Chakwin's deposition to be taken telephonically or by video conference, *see* (##251-52), the Court does not need to address its jurisdictional authority to compel a non-party to be deposed without a subpoena and beyond the 100-mile limit imposed by Rule 45.[1]  BridgeFunds' Amended Motion (#248) is thus granted.  The parties will have sixty (60) days from the entry of this Order to complete their written discovery and forty-five (45) days thereafter to conduct depositions.  The parties are encouraged to work together to expedite the written discovery process.  Chakwin's deposition may be taken telephonically, by video conference, or, should he elect to do so, personally in Las Vegas, Nevada.

The Court further recognizes the physical and financial difficulties that would be imposed upon Plaintiff Sille should she be compelled to travel internationally to attend a deposition in Las Vegas. Such a requirement would be unduly burdensome, particularly in light of the Court's decision to afford Chakwin the option to be deposed from his city of residence.  The Court therefore extends the same choice to Plaintiff Sille: whether to be deposed telephonically, by video conference, or in person in Las Vegas.

. . .

---

[1] As the court stated during the hearing, it does appear, however, that by filing a proof of claim to a portion of the settlement proceeds (#244) and appearing *Pro Hac Vice* as plaintiff's Sille's counsel (#32 and #33), Mr. Chakwin has made a general appearance and is subject to this court's jurisdiction. *See Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996)("A general appearance, of course, subjects the party who appears to the personal jurisdiction of the court."); *See also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) amended, 807 F.2d 1514 (9th Cir. 1987)(holding that "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction," and "[a]n appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear.")

Accordingly and for good cause shown,

IT IS ORDERED that Lien Claimant BridgeFunds, LLC's Motion for Discovery and Evidentiary Hearing (#247) and Amended Motion for Discovery and Evidentiary Hearing (#248) are GRANTED.

IT IS FURTHER ORDERED that:

1. Written discovery must be completed on or before September 9, 2013.
2. Depositions must be conducted on or before October 24, 2013.
3. Mr. Stephen Chakwin may elect to be deposed telephonically, by video conference, or personally in Las Vegas, Nevada.
4. Plaintiff Sille may elect to be deposed telephonically, by video conference, or personally in Las Vegas, Nevada
5. An Evidentiary Hearing is scheduled for November 22, 2013, at 10:00 a.m. in Courtroom 3D.

DATED this 9th day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE