# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GRO ELISABET SILLE,

    Plaintiff,

v.

PARBALL CORPORATION, *et al*.,

    Defendants.

Case No. 2:07-CV-00901-KJD-VCF

**ORDER**

Before the Court is Plaintiff's former attorney Daniel Crupain's ("Crupain") Motion for an Order of Payment (#258). Intervenor, Lawsuit Financial, LLC ("LF") opposed the Motion (#260) and Crupain replied (#264).

I. Background

Crupain, a New York attorney, was originally retained by Plaintiff Gro Elisabet Sille in her personal injury case against Parball Corporation *et al*. ("Defendants"). However, during the litigation but prior to trial, Crupain was discharged and replaced by fellow New Yorkers Sheldon J. Tashman ("Tashman") and Stephen Chakwin ("Chakwin"). LF is in the business of financing litigation in exchange for assignment of a portion of any net recovery from the litigation. LF entered into a contract to finance the litigation in this matter with Plaintiff's subsequent counsel, Tashman and Chakwin. Crupain properly asserted his attorney's lien which was disputed.

The apportionment of fees was litigated in the New York courts, where Crupain was awarded a judgment of $62,000. Chakwin attempted to add LF and other parties to the litigation over fees in the New York courts, but his motion was denied (#260, Ex. 6). In its Order, the New York Court explained that the joinder of additional parties was denied because the proposed additional parties "will not have a bearing in determining the share of the legal fees the parties to this proceeding are entitled to" (#260, Ex. 6). In this same Order, the New York Court identified that the issue before it was what, if any, fee Crupain was entitled to (#260, Ex. 6). Crupain here seeks payment of his judgment for $62,000, and LF stands in opposition.

II. Analysis

At issue is whether the Full Faith and Credit clause requires the Court to enforce Crupain's judgment. By its terms, the Full Faith and Credit Clause found in Article IV § 1 of the United States Constitution does not apply to the federal courts. However, 28 U.S.C. § 1738 extends this Clause to the federal judiciary, requiring federal courts to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Const. Corp., 456 U.S. 461, 466 (1982). Nevertheless, the Full Faith and Credit clause will not operate to prevent a "redetermination of issues . . . if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." Id. at 481 (1982). However, to satisfy these requirements, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." Id. at 481.

All parties acknowledge that under New York law, Crupain benefits from an automatic lien upon commencing the action valued by either the reasonable value of the services provided or fixed by agreement. See Shalom Toy, Inc. v. Each And Every One of the Members of the New York Prop. Ins. Underwriting Ass'n, 239 A.D.2d 196, 198, 658 N.Y.S.2d 1, 3 (1997) citing Judiciary Law § 475. However, if representation terminates due to attorney misconduct, discharge for cause, or unjustified abandonment by the attorney, the attorney's right to compensation may not be preserved. Id.

Here, LF appears to claim that due process was not satisfied because LF was "not included in

the action and was prohibited form protecting their interests." (#269; 7:15-18). LF further asserts that had it been included, it would have argued that Crupain was discharged for cause, and therefore not entitled to the amount awarded.

The New York Court considered a motion to join LF and other parties to the litigation, and denied that motion as it felt the parties were irrelevant to the division of fees between Crupain and Plaintiff's subsequent counsel (#260, Ex. 6). Further, the Court explicitly stated the relevant standard, including the caveat regarding discharge for cause (#260, Ex. 6). Lastly, although LF was excluded from the litigation, Chakwin doubtless desired to minimize Crupain's share of the fee, effectively representing any of LF's relevant interests. Although the Court has been presented with only limited information from the New York proceedings, there appears to be no "reason to doubt the quality, extensiveness, or fairness of procedures" in that litigation. Accordingly, the Court is required to honor the New York Judgment for $62,000 under 28 U.S.C. § 1738.

III. Conclusion

It is **HEREBY ORDERED** that Daniel Crupain's Motion for an Order of Payment (#258) is **GRANTED**.

DATED this 27th day of September 2013.

_____
Kent J. Dawson
United States District Judge