# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GRO ELISABET SILLE,

    Plaintiff,

v.

PARBALL CORPORATION, *et al*.,

    Defendants.

Case No. 2:07-CV-00901-KJD-VCF

**ORDER**

    Before the Court is Intervenor Plaintiffs American Legal Funding, LLC and ALFund Prime LLC's ("ALF") Motion to Disburse Funds (#259). Plaintiff Elisabet Sille ("Sille") opposed the Motion (#262), as did lienholder Lawsuit Financial Corp. ("LF") (#263). ALF replied (#270).

I. Background

    The underlying lawsuit was settled, with the settlement proceeds deposited with the Court. Proofs of claim were ordered by the Court to facilitate disbursement. The current dispute concerns funds due to the attorneys in the case and not to Sille. These funds are calculated as either $186,378.26 or alternatively $191,647.50. As the amount is disputed, the Court will use the minimum figure for the purposes of this motion. Three attorneys claim an interest in these funds. Daniel Crupain claims $62,000 as per a judgment from the New York courts. This Court has ordered the disbursal of these funds (#273). The remaining funds are claimed by Stephen Chakwin, Jr.

("Chakwin") and Kevin Hanratty ("Hanratty"). Chakwin claims mutual agreement with Hanratty, where Hanratty is to receive $75,000 and Chakwin recovers the remaining $49, 378.26 (#244). Hanratty is silent as to any such agreement in his Proof of Claim, but filed no opposition to the current Motion (#243, Ex. 1). While five entities claim interests in Chakwin's recovery, including ALF, among these only LF opposed ALF's Motion to Disburse Funds. Three claimants acknowledge that they do not have a perfected security interest in Chakwin's recovery. LF alleges a perfected security interest in the funds held by this Court as per a UCC-1 filed in New York on November 10, 2011 (##236, 263). ALF also alleges a perfected security interest as per UCC-1's filed both in New York (#259, Ex. A) on July 27, 2011 and in Nevada on August 9, 2010 (#240, Ex. 1). LF concedes that ALF perfected its security interest prior to LF perfecting its security interest (#263; 9:7-8).

II. Analysis

    A. Priority

It is undisputed that Article 9 of the UCC governs the existence and priority of secured interests in general intangibles. It is also undisputed that the interest in attorney's fees at issue in this Motion is an interest in a general intangible. As both the litigation and its proceeds are located in Nevada, Nevada law governs perfection, its effect, and priority rules. NRS 104.9301.

In Nevada, filing a financing statement perfects an interest in general intangibles. See NRS 104.9310-.9316. A security interest is subordinate to the rights of an entity entitled to priority. NRS. 104.9317. Conflicting perfected security interests "rank according to priority in time of filing or perfection," and a perfected security interest has priority over a conflicting unperfected security interest. NRS. 104.9322(a)-(b). ALF filed to perfect prior to LF's filing or perfection (#263; 9:7-8). Thus, ALF has priority over LF's claim.[1] Accordingly, LF cannot challenge the disbursal to ALF based on secured (or unsecured) status.

///

---

[1] LF's reliance on May v. G.M.B., Inc., is misplaced as this case deals with a buyer of collateral, and not with priority among secured creditors. 105 Nev. 446, 778 P.2d 424 (1989).

2

B. Uncertainty

Both LF and Sille claim that disbursal is inappropriate because of uncertainty regarding the allocation of fees between Chakwin and Hanratty, and because piecemeal distributions may result in "improper distributions." However, there appears to be no dispute that Chakwin is entitled to the $49,378.26 at issue here. Hanratty failed to file points and authority in opposition to ALF's Motion. Under the Local Rules of Civil Practice, "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. Accordingly, Hanratty has consented to the disbursement of $49, 378.26 to ALF, implicitly confirming that Chakwin's portion of the fee is at least this amount. Importantly, no party has provided any meaningful argument that any future evidence would or even could impact the allocation of these funds.

III. Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that American Legal Funding, LLC and ALFund Prime LLC's ("ALF") Motion to Disburse Funds (#259) is **GRANTED** in the amount of $49,378.26.

DATED this 30th day of September 2013.

_____
Kent J. Dawson
United States District Judge